**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **AMERICAN SUZUKI MOTOR CORP.,** | * | |
| **Plaintiff** | * | |
| v. | * | **Civil Case No. RWT 04-988** |
| **VINCENT EADES d/b/a MILINE USA**, | * | |
| **Defendant** | * | |

**MEMORANDUM OPINION**

In a Memorandum Opinion dated December 9, 2004, and an accompanying Order, this court granted the Plaintiff's Combined Motion to Show Cause Re: Defendant's Contempt and Motion to Enforce Settlement Agreement [Paper No. 13], found the Defendant to be in contempt of the Consent Decree and Writ of Permanent Injunction entered by this court on June 2, 2004, and imposed a sanction against the Defendant for his contempt in the amount of $20,000.00, for which amount the Clerk was directed to enter judgment in favor of the Plaintiff. At page 4 of the Memorandum Opinion, this court noted that by virtue of the provisions of paragraph 8 of the Settlement Agreement between the parties, they had agreed that "[i]n any action or proceeding brought to enforce this Settlement Agreement, the prevailing party shall be awarded the costs, reasonable attorneys' fees, expenses, and disbursements incurred in bringing and prosecuting or defending such action or proceeding." The court concluded that this provision of the agreement between the parties was applicable to the motion, and that even if it were not, the authority of the court to award attorneys' fees in instances of contempt of court is well established, citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975). Accordingly, the Plaintiff was requested to submit

an affidavit in support of an award of fees. The Memorandum Opinion indicated that following the submission by the Defendant of any opposition thereto, a further order would be entered making an appropriate award of fees.

On December 13, 2004, the Plaintiff filed an Affidavit of Samuel D. Littlepage, Esquire in support of an award of attorneys' fees. Attached to the Affidavit were true and correct copies of invoices submitted by the Dickinson Wright law firm to the Plaintiff for costs and legal services in connection with this matter from July 13, 2004 through December 7, 2004. In addition, there were attached to the Affidavit copies of invoices submitted by the law firm of Bregman, Berbert, Schwartz & Gilday for services rendered from June 1, 2004 through December 7, 2004. Finally, there were attached as Exhibit C invoices received and paid by American Suzuki to James Leslie, a licensed Georgia private investigator who performed investigative services on behalf of the Plaintiff in this case. These attachments indicated that the total fees and costs incurred by the Plaintiff in connection with enforcement of the Settlement Agreement and Consent Decree amount to $53,126.13, of which $52,420.77 in legal fees and related costs were incurred by the Plaintiff after the initial trade show infringement in Lexington, Ohio, was discovered on July 23, 2004.

On January 4, 2005, the Defendant filed a Memorandum of Points and Authorities in opposition to the Plaintiff's Affidavit in Support of Attorney Fees. In his opposition, the Defendant argued that an award of fees, if any, should be limited to claims incurred for breach of the Settlement Agreement, and not violations of the Consent Decree. The Defendant further argued that application of the twelve specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) would not justify an award in the amount requested.

First, the court does not agree with the Defendant that its authority for an award of attorneys' fees is limited to violations of the Settlement Agreement, as opposed to the Consent Injunction. This question has already been addressed, and resolved, by the court's Memorandum Opinion filed December 9, 2004, in which the court, at page 4 thereof, concluded that the contractual undertaking between the parties was applicable to the motion then pending before the court, but that even if it were not, the authority of the court to award attorneys' fees in instances of contempt is well established, citing *Alyeska Pipeline Service Co. v. Wilderness Society*.

With regard to the fee to be awarded, the court agrees that the leading case in this field is *Johnson v. Georgia Highway Express, Inc.*, and its progeny. This case is one of many that relies upon the Lawyers' Rules of Professional Conduct (and predecessor codes of a similar nature) which require that a lawyer's fee "shall be reasonable." (Rule 1.5) The current version of Rule 1.5 provides that in determining the reasonableness of a fee, the factors to be considered include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

In applying the relevant factors, the court has been assisted by reference to the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases Contained in Appendix B to the Local Rules of this Court.  While these rules are not directly applicable to the case, they provide helpful guidance.

**Time and Labor Required; Novelty and Difficulty of Questions Involved; Requisite Skill**

In applying the first factor, a "trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717.  In this regard, the undersigned brings to this task the benefit of thirty-seven years in the practice of law, including fifteen years as the head of the office of a major law firm and service on the managing board of that firm for fifteen years.

Bringing this experience to bear, the court has carefully reviewed the legal bills submitted by the Plaintiff, and with few exceptions, finds them to be fair and reasonable.  However, in a few limited areas, the court believes that application of its own experience, as well as application, by analogy, of this court's local rules requires some reduction in the amount claimed.  Specifically, paragraph 2.d. of Appendix B of the local rules of this court provides that compensation shall be provided for only one lawyer for each party who attends a hearing.  In this regard, the court notes that the statement of the Dickinson Wright law firm includes charges for both Mr. Littlepage and Ms. Meyer to attend the December 7, 2004 hearing, and the court will, accordingly, reduce the amount awarded so as to eliminate the charges for the second attorney, Ms. Meyer.  By the same token, the statement of Bregman, Berbert, Schwartz & Gilday, LLC, includes charges for Edward Henneberry to attend the same hearing, and these charges will, accordingly, not be awarded.

With these minor exceptions, the statements appear to be entirely reasonable and represent services reasonably required to address the contumacious behavior of the Defendant, including his violation of the Settlement Agreement. The Plaintiff in this matter is a corporation doing business on a worldwide scale, and chose competent counsel in Washington, D.C., to represent it in connection with enforcement of its trademarks. Persons selected to assist the Plaintiff in this endeavor performed their services with requisite skill and brought to bear obvious expertise in the subject matter. They possessed, and demonstrated, the requisite skill to perform the legal services properly on behalf of their client.

### Likelihood That Acceptance of Particular Employment Will Preclude Other Employment by the Lawyer

It would not appear that this factor is applicable to the fee requested in this case.

### Fee Customarily Charged in the Locality

The court has reviewed the hourly rates charged by each of the attorneys whose services are the subject of the Affidavit in support of an award of attorneys' fees, and finds them to be entirely reasonable. The rate charged by Mr. Littlepage is well within the range of reasonable fees for attorneys of his experience, especially in the field of trademark law. The rates of the other attorneys involved in this case were appropriately lower reflecting the experience level and expertise of each, and are reasonable and consistent with the undersigned's knowledge of fees customarily charged in this district and in the greater metropolitan Washington area.

### Amount Involved and Results Obtained

The amount of fees involved in this case, while not inconsiderable, is consistent with the nature of the controversy and the amount of effort required to secure a favorable result for the client.

That result should not be measured solely by the amount of the criminal contempt sanction imposed ($20,000.00), but rather by the more important objective of securing protection of the Plaintiff's trademark and the incalculable damages that may result therefrom.

### Time Limitations Imposed by the Client or the Circumstances

In cases of trademark violations, and the obvious inability to measure the scope of the harm, it was essential that relief be sought from the court as promptly as possible. The effort devoted to this task by the attorneys for the Plaintiff was reasonable and appropriate, given the need to seek prompt enforcement of the violations of the Plaintiff's trademark and to obtain enforcement of the injunction of this court.

### Nature and Length of the Professional Relationship

This factor would appear to have limited applicability to this case, and would not affect the amount of the award.

### Experience, Reputation and Ability of the Lawyers

As noted above, the attorneys for the Plaintiff possessed the requisite experience and ability to carry out a difficult task for their client in a trademark enforcement action, and enjoy a good reputation with this court.

### Whether the Fee is Fixed or Contingent

In this case, the fee was neither fixed nor contingent, but was performed on an hourly basis. This is a very traditional and normal method for charging fees in an action of this nature.

Based on the court's analysis of the documentation submitted by the Plaintiff, application of the factors set forth above, and utilizing the court's own experience in such matters, the court

concludes that a fee award in the amount of $50,728.77 is fully justified and appropriate. Accordingly, by separate order, an award of fees in this amount will be entered in favor of the Plaintiff.


Date:   July 20, 2005                                              /s/                         
                                                        Roger W. Titus
                                                        United States District Judge